```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
UNITED STATES OF AMERICA,                     :   Case No. 4:08-CR-103
                                              :   Case No. 4:16-CV-752
              Plaintiff,                      :
                                              :
vs.                                           :   OPINION & ORDER
                                              :   [Resolving Doc. No. 23]
KENNETH A. WHITE, JR.,                        :
                                              :
              Defendant.                      :
                                              :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Kenneth White brings this petition for a writ of habeas corpus under 28 U.S.C. § 2255. He argues that he was improperly sentenced under the Armed Career Criminals Act.[1] He argues that his two convictions for robbery and two convictions for assault are no longer prior offenses that qualify for his enhanced sentence. The Government opposes.[2]

For the following reasons, the Court **DENIES** White's petition.

## I. Background

On February 27, 2008, the United States indicted Defendant Kenneth White for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[3] White pled guilty.[4] White's plea agreement included a "joint sentencing recommendation" that White qualified for sentencing under the Armed Career Criminals Act ("ACCA").[5] Under the ACCA, a defendant faces a fifteen-year mandatory minimum sentence if he is convicted of being a felon in

---

[1] Doc. 23.
[2] Doc. 26. Defendant White replied. Doc. 28.
[3] Doc. 1.
[4] Doc. 16.
[5] Doc. 19.

Case No. 4:08-CR-103
Gwin, J.

possession of a firearm and has three or more prior convictions for a violent felony or serious drug offense.[6] White's pre-sentence report ("PSR") identified four possible predicate offenses:

1. Aggravated Assault, Ohio Revised Code § 2903.12, Trumbull County Court of Common Pleas Case No. 92-cr-581.

2. Attempted Felonious Assault, Ohio Revised Code §§ 2903.11(A)(2) and 2923.02, Trumbull County Court of Common Pleas Case No 98-CR-498.

3. Robbery, Ohio Revised Code § 2911.02(A)(3), Trumbull County Court of Common Pleas Case No. 06-cr-828.

4. Robbery, Ohio Revised Code § 2911.02(A)(3), Trumbull County Court of Common Pleas Case No. 06-cr-828.

Based on these predicate convictions, the Court sentenced White to the ACCA's 180-month mandatory minimum and five years of supervised release.[7]

The Supreme Court's recent *Johnson v. United States*[8] opinion raises questions whether certain prior felonies can be counted as ACCA "violent felonies." The Supreme Court has held that *Johnson* applies retroactively to habeas claims challenging ACCA-enhanced sentences.[9]

White brings this writ of habeas corpus, arguing that after *Johnson* he no longer has three violent felony predicate offenses. White argues that his sentence under the ACCA was unconstitutional.[10]

---

. [6] 18 U.S.C. § 924(e)(1).
[7] Doc. 21.
[8] __ U.S. __, 135 S.Ct. 2551 (2015).
[9] *Welch v. United States,* __ U.S. __, 136 S.Ct. 1257 (2016).
[10] Doc. 23.

-2-

Case No. 4:08-CR-103
Gwin, J.

## II. Legal Standard

Title 28 United States Code Section 2255 gives a post-conviction means of collaterally attacking a federal conviction or sentence that violates federal law. Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

> 1) That the sentence was imposed in violation of the Constitution or laws of the United States;
> 2) That the court was without jurisdiction to impose such sentence;
> 3) That the sentence exceeded the maximum authorized by law; or
> 4) That the sentence is otherwise subject to collateral attack.[11]

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[12]

White alleges a defect of a constitutional magnitude. Namely, he alleges that he no longer has three predicate "violent felonies" to support an ACCA sentence in light of *Johnson*.

## III. Analysis

Until recently, the Armed Career Criminals Act defined "violent felony" as

any crime punishable by imprisonment for a term exceeding one year . . . that—

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*[13]

---

[11] 28 U.S.C. § 2255(a).
[12] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).
[13] 18 U.S.C. § 924(e)(2)(B) (emphasis added).

-3-

Case No. 4:08-CR-103
Gwin, J.

The first prong is called the use-of-force clause. The first part of the second prong is called the enumerated clause. And the second part of the second prong, emphasized above, is called the residual clause.

On June 26, 2015, the Supreme Court gave an opinion in *Johnson v. United States*, holding that the residual clause was unconstitutionally vague.[14] The residual clause "denie[d] fair notice to defendants and invite[d] arbitrary enforcement by judges."[15] If a sentencing court imposed an increased sentence based on felonies that qualified under the residual clause alone, that sentence violated a criminal defendant's constitutional right to due process.[16]

The Supreme Court's conclusion in *Johnson* is retroactive. A criminal defendant can collaterally challenge his sentence under the ACCA in a § 2255 habeas proceeding.[17]

In light of *Johnson*, this Court — and federal courts all over the country — are being asked to analyze whether previous residual clause predicate convictions are still predicate offenses under either the use-of-force clause or the enumerated offenses clause.

None of White's four predicate offenses fall under the enumerated clause.[18] Instead, each must fall under the use-of-force clause.

For a conviction to fall under the use-of-force prong, the underlying statute must necessarily entail "the use, attempted use, or threatened use of physical force against the person of another." So long as the statute only punishes conduct involving the use or attempted use of physical force, the statute does not need to expressly mirror the language of the use-of-force clause.

---

[14] __ U.S. __, 135 S. Ct. 2551 (2015).
[15] *Id.* at 2557.
[16] *Id.*
[17] *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016).
[18] Robbery and assault are not mentioned in the enumerated clause under the ACCA.

-4-

Case No. 4:08-CR-103
Gwin, J.

Consider a non-divisible statute that punishes a wide array of conduct, some of which involves the use or threatened use of physical force, and some of which would not. Unless divisible, this statute could not be a predicate felony under the ACCA's use-of-force clause. The scope of the prohibited conduct is too broad. "The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than" a statute which had the exact language of the use-of-force clause.[19]

What, then, is "physical force"? The Supreme Court has provided additional guidance in its 2010 *Johnson v. United States* decision ("*Johnson (2010)*").[20] There, the Supreme Court analyzed the fit between the ACCA's use-of-force clause and the Florida battery statute—which criminalized "actually and intentionally touch[ing] or strik[ing] another person against [his] will.[21] The Florida battery statute criminalized even the most "nominal contact" such as a "tap on the shoulder without consent."[22]

In *Johnson*, the Government tried to argue that this was sufficient force because the use-of-force clause was analogous to common law battery, which criminalized the "merest touch."[23] The Court rejected this broad approach, holding that "physical force" as used in the ACCA means "violent force—that is, force capable of causing physical pain or injury to another person."[24] Moreover, the term physical "plainly refers to force exerted by and through concrete bodies—distinguishing physical force from, for example, intellectual force or emotional force."[25]

---

[19] *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276, 2281 (2013).
[20] 559 U.S. 133 (2010) (the case is unrelated to the 2015 *Johnson* opinion).
[21] *Id.* at 133 (quoting Fla. Stat. § 784.03(1)(a)).
[22] *Id.* at 138.
[23] *Id.* at 141.
[24] *Id.* at 140.
[25] *Id.* at 138.

Case No. 4:08-CR-103
Gwin, J.

The Court concluded that Florida's battery statute could not be a predicate offense under the use-of-force clause because punishing "nominal contact" was broader than the use-of-force clause.

With this background in mind, the Court addresses each of Defendant White's convictions in turn.

<u>1. Aggravated Assault, Ohio Revised Code § 2903.12, Trumbull County Court of Common Pleas Case No. 92-cr-581.</u>

The PSR identifies White's 1993 aggravated assault conviction under Ohio Revised Code § 2902.12 as an ACCA predicate offense.

White argues that this conviction is no longer a predicate offense in light of *Johnson*. However, White's argument fails because aggravated assault falls under the use-of-force prong. At the time of White's conviction, Ohio Revised Code § 2902.12 defined aggravated assault as:

> (A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
>
> > (1) Cause serious physical harm to another or to another's unborn;
> >
> > (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.[26]

In *United States v. Anderson*, the Sixth Circuit addressed this same statutory language.[27] The Sixth Circuit unequivocally held that Ohio's aggravated assault statute fell under the use-of-force clause because it "has as an element the use, attempted use, or threatened use of physical force against the person of another." The Sixth Circuit wrote,

---

[26] This definition was in effect at the time of White's conviction. The parties agree that this Court should look to the entire statute rather than one individual prong because the underlying documents do not specify under which section White was convicted. Doc. 23 at 10; Doc. 26 at 6; Doc. 27-1.
[27] 695 F.3d 390 (6th Cir. 2012).

-6-

Case No. 4:08-CR-103
Gwin, J.

> the Ohio aggravated assault statute, which requires proof of "serious physical harm" or "physical harm . . . by means of a deadly weapon or dangerous ordnance," . . . . necessarily requires proof that the defendant used "force capable of causing physical pain or injury." We hold that one can "knowingly . . . [c]ause serious physical harm to another," . . . only by knowingly using force capable of causing physical pain or injury, *i.e.,* violent physical force, in the context of determining what crime constitutes a "violent felony" under § 924(e)(2)(B)(i).[28]

In other words, Ohio's aggravated assault statute is the same as, or narrower than, a statute that included the ACCA's use-of-force clause.

Because *Anderson* is a published opinion squarely on the issue at hand, it controls. Defendant White attempts to distinguish *Anderson* by arguing that the Sixth Circuit had also found that Ohio's aggravated assault statute was a predicate offense under the residual clause. After *Johnson*, the Sixth Circuit had found that Ohio's aggravated assault statute falls under the enumerated clause for the purposes of the Guidelines' analogous career offender statute.[29] As a result, White concludes, the Sixth Circuit is offering the negative implication that aggravated assault does not fall under the use-of-force clause. But White's reasoning is flawed. Although aggravated assault may have been considered under the residual clause or the enumerated clause in these other contexts, there is no indication that aggravated assault fell *exclusively* under those clauses. It was entirely possible that, pre-*Johnson*, a conviction could be analyzed under both the residual and the use-of-force prong. And it is entirely possible that, post-*Johnson*, robbery might fall under the enumerated clause for Guidelines analysis and the use-of-force prong for the ACCA. The Sixth Circuit's statements do not undermine *Anderson*'s straightforward conclusion: Ohio's aggravated assault statute remains a predicate offense because it has as an

---

[28] *Id.* at 400.
[29] *United States v. Perry*, 703 F.3d 906, 910 (6th Cir. 2013); *United States v. Calloway*, 189 F. App'x 486 (6th Cir. 2006); *United States v. Morris*, __ F. App'x __, 2016 WL 424597 (6th Cir. Feb 4. 2016). Under the Guidelines, robbery is arguably an enumerated offense, even though it is not in the ACCA.

Case No. 4:08-CR-103
Gwin, J.

element the use, attempted use, or threatened use of physical force against the person of another.[30]

Defendant White properly makes the argument that "serious physical harm" and "physical harm" have definitions under Ohio law that encompass a wide range of injury. For instance, "physical harm" includes "any injury . . . regardless of its gravity or duration."[31] "Serious physical harm" includes "any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment."[32] Arguably, White continues, "physical harm" includes the type of "nominal contact" that the Supreme Court excluded from the use-of-force clause in *Johnson 2010*. And arguably, "serious physical harm" includes psychological injury that the Supreme Court also excluded from the use-of-force clause in *Johnson 2010*.

But these definitions were also operative at the time of the *Anderson* decision. The Sixth Circuit still concluded that aggravated assault was a predicate offense under the use-of-force clause. This Court follows that conclusion. White's conviction for aggravated assault remains a predicate offense.

2. Attempted Felonious Assault, Ohio Revised Code §§ 2903.11(A)(2) and 2923.02, Trumbull County Court of Common Pleas Case No 98-CR-498.

---

[30] Along similar lines, Defendant White's citation to *United States v. Rodriguez*, 664 F.3d 1032 (6th Cir. 2012) is not well taken. White tries to argue that "by holding in *Rodriguez* that aggravated assault is an enumerated crime [under the Guidelines], the Court was rejecting any notion that aggravated assault contained an element of force." Doc. 28 at 12. The *Rodriguez* court merely said that by reaching the enumerated clause first, analysis under the residual and use-of-force clause was moot. This is not a "rejection" of the notion that the statute might include an element of force.

[31] Ohio Rev. Code § 2901.01(A)(3).

[32] Ohio Rev. Code § 2901.01(A)(5).

-8-

Case No. 4:08-CR-103
Gwin, J.

The PSR identifies White's 1998 attempted felonious assault conviction under Ohio Revised Code § 2902.11(A) as an ACCA predicate offense.

At the time of White's conviction, Ohio Revised Code § 2902.11 defined felonious assault as knowingly:

> (1) Caus[ing] serious physical harm to another or to another's unborn;
>
> (2) Caus[ing] or attempting to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.

Aggravated assault in Ohio is felonious assault mitigated by heat of passion. As the two statutes are related, Defendant White raises many of the same arguments as to attempted felonious assault. These arguments also fail.

This Court is again bound by *Anderson*, which reached the same question and found felonious assault necessarily included the "use, attempted use, or threatened use of physical force against the person of another." The Sixth Circuit reasoned that if aggravated assault is a predicate offense under the use-of-force clause, the same statute without a mitigating element of provocation satisfies the same ACCA clause. This Court agrees.

Defendant White's argument to distinguish the "attempt" version of the statute is not compelling. The ACCA use-of-force clause includes both "use" and "*attempted* use" of physical force.[33] Defendant has shown no evidence that the attempt version of a predicate crime is somehow excluded or subject to a separate analysis.

White's conviction for attempted felonious assault remains a predicate offense

---

[33] 18 U.S.C. § 924(e)(2)(B) (emphasis added).

Case No. 4:08-CR-103
Gwin, J.

<u>3. Robbery, Ohio Revised Code § 2911.02(A)(3), Trumbull County Court of Common Pleas Case No. 06-cr-828 (two counts).</u>

The PSR identifies two 2006 robbery convictions under Ohio Revised Code § 2902.02.[34]

At the time of White's conviction, Ohio Revised Code § 2902.02 robbery statute said:

> (A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
>
> > (1) Have a deadly weapon on or about the offender's person or under the offender's control;
> >
> > (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;
> >
> > (3) Use or threaten the immediate use of force against another.

Ohio defines "force" as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing."[35]

The Sixth Circuit has held that that an (A)(1) robbery conviction under this version of the statute is no longer a predicate offense after *Johnson*.[36] But it remains an open question whether (A)(2) and (A)(3) robbery are predicate offenses post-*Johnson*.

The parties agree that, based on the underlying documents from state court, White was convicted under (A)(3).[37]

---

[34] Defense counsel has not argued that these robberies should be counted as a single predicate offense. Based on the indictments, the conduct took place at separate locations on separate days. Doc. 23-1.

[35] Ohio Rev. Code § 2901.01(A)(1).

[36] *United States v. Bilal*, 610 F. App'x. 569, 570 (6th Cir. 2015).

[37] Doc. 23 at 2; Doc. 26 at 4.

-10-

Case No. 4:08-CR-103
Gwin, J.

In *United States v. Mansur*, the Sixth Circuit addressed the (A)(3) statutory language.[38] Although the decision was pre-*Johnson*, the Court chose to rely on the use-of-force clause in finding that attempted robbery was a predicate offense:

> Looking at the language of the statute, attempted robbery has as an element the use, attempted use, or threatened use of physical force against the person of another and, therefore, it is a violent felony as defined under the first prong of 18 U.S.C. § 924(e)(2)(B)(i). *See generally United States v. Sanders,* 470 F.3d 616, 622 n. 1 (6th Cir.2006); *United States v. Thomas,* 13 Fed.Appx. 233, 241 (6th Cir.2001). The crime of robbery requires as an element that the person shall use or threaten the immediate use of force against another. The applicable 1988 provision of the Ohio Revised Code defined "force" to mean, "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." Ohio Rev.Code Ann. § 2901.01. Therefore, the crime of robbery clearly has as an element the use, attempted use, or threatened use of physical force against another person. Similarly, the crime of attempted robbery also has as an element of the offense the use, attempted use, or threatened use of physical force against another person.[39]

Defendant White asks this Court to reject *Mansur* for three reasons. Each argument fails.

First, Defendant White cites to an out-of-circuit district court opinion in *United States v. Litzy*.[40] The District Court in *Litzy* found that (A)(3) was no longer a predicate offense because Ohio's definition of "force" was overly broad of the *Johnson 2010* definition. For example, the *Litzy* court pointed out, "force" includes violence exerted against "a thing" rather than physical force against a person, as *Johnson 2010* requires. But *Litzy* failed to recognize that the robbery statute ensures that "force" is exerted against a person. The *Litzy* court also focused on the use of "constraint" and "compulsion" in Ohio's definition of force. But the Ohio case law *Litzy* cites

---

[38] 375 F. App'x 458 (6th Cir. 2010).
[39] *Id.* at 464.
[40] 137 F. Supp. 3d 920 (S.D.W.Va. 2015).

-11-

Case No. 4:08-CR-103
Gwin, J.

to does not indicate that "constraint" or "compulsion" includes the type of "mere touch" rejected by *Johnson 2010*.[41] *Litzy* does not undermine the reasoning put forward in *Mansur*.

Second, Defendant White cites to this Court's earlier decision finding that another version of Ohio's robbery statute was not a predicate offense. In *Patterson*, the Court analyzed robbery where the defendant had a deadly weapon and either "display[ed] the weapon, brandish[ed] it, indicate[d] that the offender possesse[d] it, or use[d] it."[42] This is an entirely separate analysis from robbery where the defendant "use[d] or threaten[ed] the immediate use of force against another." Indeed, the Sixth Circuit has specifically instructed that "not all crimes involving a deadly weapon have the threatened use of physical force as an element," requiring the type of close reading done in *Patterson*.[43] But the conclusion in *Patterson* does not inform the question at hand. *Patterson* never addressed Ohio's definition of "force" because that word was not used in the *Patterson* statute. *Patterson* does not undermine the reasoning put forward in *Mansur*.

Third, Defendant White raises in his reply brief the argument that (A)(3) robbery lacks a sufficient mens rea element to be a predicate offense. White points to Supreme Court and Sixth Circuit precedent which held that statutes which criminalized reckless or negligent conduct could not be predicate offenses because "physical force" must be applied purposefully or intentionally.[44] However, Ohio's robbery statute does not expressly allow for reckless conduct

---

[41] The case law that Defendant White cites to in his reply brief is similarly unavailing. Doc. 28 at 9. When a defendant "uses his upper body" to push an employee out of the way, *id.* at 9 (citing *State v. Delany*, 2005-Ohio-4607, 2005 WL 1869689 (Ohio App. Dis. 10, Aug. 9, 2005)), that is "violence force . . . exerted by and through concrete bodies . . . [that is] capable of causing physical pain or injury to another." *Johnson*, 559 U.S. at 133, 138. When a defendant threatens force and "raises his fist," Doc. 28 at 9 (citing *State v. Tolliver*, 19 N.E.3d 870 (Ohio 2014)), that is *threatening* similar force.

[42] *United States v. Patterson*, 14-cr-289, 2015 WL 5675110 (N.D. Ohio Sept. 25, 2015).

[43] *United States v. Rede-Mendez*, 680 F.3d 552, 557 (6th Cir. 2012).

[44] *United States v. Castleman*, __ U.S. __, 134 S.Ct. 1405 (2014); *United States v. McMurray*, 653 F.3d 367, 374 (6th Cir. 2011).

-12-

Case No. 4:08-CR-103
Gwin, J.

as these statutes did. Instead, Ohio's statute does not facially assign any mens rea element to the force clause.

The absence of a lower mens rea element already distinguishes (A)(3) robbery from the recklessness-based crimes on which Defendant relies. But there's more evidence that (A)(3) robbery nevertheless meets the mens rea requirement.

The Ohio Supreme Court recently explored the mens rea element at issue in (A)(3) robbery.[45] The Ohio Supreme Court pointed out that the theft offense on which robbery is predicated all require mental states of "purpose" or "knowingly."[46] The Court declined to read a mens rea into the element of "[u]se or threaten the immediate use of force against another" — the same element from which the *Mansur* court derived use-of-force. Nevertheless, the Court emphasized that the statute was by not based on recklessness or strict liability:

> [I]t is illogical to ask whether that section "plainly indicates a purpose to impose strict liability" or instead requires proof of "recklessness." By definition, the section defining robbery *cannot* plainly impose strict liability because it always includes the mens rea of the predicate theft offense. *See Black's Law Dictionary* 453 (10th Ed. 2014) (defining "strict-liability crime" as a crime that "does not require a mens rea element"); R.C. 2901.21(B) (stating when an offense is a strict-liability offense). Likewise, recklessness cannot be "sufficient culpability to commit the offense," R.C. 2901.21(B), because the robbery statute requires the state to prove more than mere recklessness by predicating the robbery on a knowing and/or purposeful theft offense.[47]

Under the Ohio Supreme Court's interpretation, (A)(3) robbery requires a finding of purposeful or knowing conduct. This Court recognizes the distinction between a mens rea element for the theft element and a mens rea element for the force element. Nevertheless, the Defendant has provided no precedent on which to conclude that Ohio's

---

[45] *State v. Tolliver*, 19 N.E.3d 870 (Ohio 2014).
[46] *Id.* at 875.
[47] *Id.*

-13-

Case No. 4:08-CR-103
Gwin, J.

chosen culpability scheme — which avoids assigning any mens rea to the force clause — runs afoul of the Supreme Court's requirement's for ACCA predicate offenses.

White's robbery offenses remain predicate offenses.

### IV. Conclusion

For the reasons stated in this opinion, this Court finds that White still has four predicate offenses. These are sufficient to support his sentence under the ACCA. The Court **DENIES** White's petition. As these are close questions, this Court certifies that White could, in good faith, take an appeal on the question of his aggravated robbery convictions being used as predicate offenses.

    IT IS SO ORDERED.

Dated: July 19, 2016            *s/ James S. Gwin*
                                                                     JAMES S. GWIN
                                                                     UNITED STATES DISTRICT JUDGE